CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 20, 2019

LETTER TO COUNSEL

      RE:   *Amy S. v. Commissioner, Social Security Administration*;
              Civil No. DLB-18-3760

Dear Counsel:

Plaintiff Amy S. has filed a motion seeking payment of $10,643.65 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF 16. In response, the Commissioner argues that the total number of hours billed by Plaintiff's attorney is unreasonable. ECF 17. In her reply, Plaintiff's attorney applied a twenty percent discount in hours, reducing the payment sought to $8,516.13. ECF 18. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Commissioner does not challenge Plaintiff's right to a reasonable fee as the prevailing party in this case. ECF 17 at 1. The Commissioner also does not challenge the

requested hourly rate of $200.71. *Id.* at 5. Thus, the only remaining issue is Plaintiff's number of hours billed.

The Commissioner argues that Plaintiff's request for payment of 53.03 hours of time is excessive. ECF 17 at 3-5. Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours. *See, e.g.*, *Faircloth v. Colvin*, 2:13cv156, 2014 WL 5488809, at *11 (E.D. Va. Oct. 29, 2014); *Gibby v. Astrue*, Civil Case No. 2:09cv29, 2012 WL 3155624, at *5 (W.D.N.C. Aug. 2, 2012). In her Reply, Plaintiff reduced the number of hours billed to 42.43 hours of work, after applying a twenty percent discount "as [her attorney] usually does in these cases." ECF 18 at 1. While high, this number of hours is justified based on the work performed in this particular case.

Specifically, the Commissioner argues that Plaintiff's counsel has not shown that the issues involved in this case were novel or complex, and that the administrative record in this case was not unusually lengthy. I have reviewed Plaintiff's 25-page Motion for Summary Judgment, ECF 11, the record, ECF 9, and Ms. Benagh's Time and Task Statement, ECF 16-3. In light of Plaintiff's voluntary hours-reduction and the relative legal and factual complexity of the record, an award of attorney's fees for 42.43 hours is not unreasonable for the work performed in this particular case.

At $200.71 per hour, Plaintiff is entitled to an award of $8,516.13. Despite the reduction in the hours worked, the amount remains well above the heartland of recent EAJA fee awards in cases presenting in a similar procedural posture. *See Williams v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2391 (awarding $3,850.00 on November 15, 2019); *Scheeler v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-235 (awarding $4,033.00 on November 8, 2019); *Henry v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-108 (awarding $1,435.00 on November 7, 2019); *Pollock v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-1192 (awarding $1,800.00 on November 7, 2019); *Miller v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3485 (awarding $3,452.68 on November 6, 2019); *Lewis v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-4 (awarding $1,770.35 on October 30, 2019); *Maddox v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3904 (awarding $3,501.66.00 on October 28, 2019). Accordingly, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART. An implementing order follows.

Despite the informal nature of this letter, it should be flagged as an opinion.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge